## HARE v. MALLOCK et al., executors of PURVES.

### June 8, 1836.

*Motion for an order of publication.*

*Scire facias* upon a mortgage of the testator against executors, is not such an action as is contemplated in the 34th section of the act of the 24th of February 1834, relating to executors and administrators, requiring notice to the widow, heirs, &c., and publication thereof.

THIS was a *scire facias* upon a mortgage of real estate brought by Ann Hare against Alexander Mallock and William Mallock, and George Peterman and Alexander Troutman, executors of Alexander Purves deceased.

The said Alexander Purves, one of the mortgagors, left heirs and devisees who reside out of the county of Philadelphia; and now *Hare,* for the plaintiff, moved for an order of *publication* under the 34th section of the act of the 24th of February 1834, "relating to executors and administrators. *Pamphlet Laws* 80. He stated that his object was to ascertain whether the court deemed the case to be within the meaning of the law, which is in the following words:

"In all actions against the executors or administrators of a decedent who shall have left real estate, where the plaintiff intends to charge such real estate with the payment of his debt, the widow and heirs, or devisees, and the guardians of such as are minors, shall be made parties thereto; and in case such widow, &c. reside out of the county, it shall be competent for the court to direct notice of the writ issued therein to be served by *publication* or otherwise, as such court may determine by rule of court; and if notice of such writ shall not be served on such widow, &c., the judgment obtained in

[Hare v. Mallock et al.]

such action shall not be levied or paid out of the real estate of such widow, heirs or devisees as shall not have been served with notice of such writ."

THE COURT said that the case of a writ of *scire facias* on a mortgage was clearly not embraced in the act, and refused the order.
Motion refused.